UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GERALD WAYNE ZILLS | CIVIL ACTION NO. 05-0452 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | REFERRED TO: MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Gerald Wayne Zills ("Plaintiff") applied for benefits. ALJ Charles Lindsay analyzed his claim under the familiar five-step sequential analysis. He found that Plaintiff was not working (step one) and suffered from severe impairments (step two) in the form of post-traumatic stress disorder, history of polysubstance abuse and degenerative disk disease of the cervical and lumbar spine. The ALJ concluded that the impairments did not meet or equal the demands of a listing (step three), so he proceeded to assess Plaintiff's residual functional capacity ("RFC").

The ALJ conducted a function-by-function analysis and found that Plaintiff had the following RFC:

> to perform medium work activity-lift/carry 50 pounds maximum; stand/walk six hours in an eight-hour workday; frequently climb, balance, stoop, kneel, crouch and crawl; with *moderate* limitations in ability to understand, remember and carry out detailed job instructions, but not limited in ability to understand, remember and carry out simple job instructions; with *moderate* limitations in ability to maintain attention and concentration for extended

> periods, and respond appropriately with the public or co-workers. Where moderate means there is moderate limitation in this area, but the individual is still able to function satisfactorily.

Tr. 20 (emphasis added).

The ALJ asked a vocational expert ("VE") if a person with that RFC and Plaintiff's vocational factors could perform the demands of Plaintiff's past relevant work (step four). The VE testified that such a person was capable of performing Plaintiff's past relevant work as an aircraft mechanic, truck driver and security guard. That was sufficient to end the analysis and result in a finding of not disabled, but the ALJ also asked the VE if such a person could perform other jobs (step five) that are available in significant numbers. The VE identified several such jobs.

The Appeals Council denied review. Plaintiff filed this civil action seeking the limited judicial review that is permitted by 42 U.S.C. § 405(g). He assigns a single error: that the ALJ was wrong to define "moderate" mental limitations for the VE in a way that implies that the person with such a limitation can still perform the task satisfactorily.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925

F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

An ALJ may consider the opinion of a VE at step four. Joseph-Jack v. Barnhart, 80 Fed. Appx. 317, 318 (5th Cir. 2003). Reversal may be required, however, if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Plaintiff does not argue that the VE failed to incorporate any limitations that the ALJ found to exist, and Plaintiff does not argue that the ALJ lacked substantial evidence for any of his particular findings with regard to Plaintiff's RFC. Plaintiff's only complaint is that the ALJ used an improper definition of "moderate" when he defined it for the VE.

The term moderate appears in the regulations in various places, but it does not appear

to be specifically defined in the regulations. Plaintiff urges that moderate, because it falls between mild and marked, should be read to indicate a greater level of limitation than employed in the ALJ's definition. Plaintiff points to information in various agency forms and the Commissioner's Program Operations Manual System ("POMS") to support his argument. One of the forms submitted by Plaintiff, a medical source statement, defines moderate just as the ALJ did, to mean there is a moderate limitation in the area but the individual is still able to function satisfactorily.

The critical issue for purposes of appeal is not the precise definition of moderate when it is employed in various places in the regulations. What is important here is how the ALJ defined the term for the VE and whether the VE knew that was the degree of limitation she was assessing when determining whether the hypothetical person could perform the demands of work. The VE was plainly aware of the exact definition employed by the ALJ; she repeated the definition when answering some of the questions. Tr. 200.

Plaintiff has not attacked the ALJ's finding that he has non-exertional limitations that are moderate under the definition employed by the ALJ, and he has not argued that the ALJ erroneously refused to assign a higher degree of limitation to those functions. Accordingly, there can be no prejudicial error if the definition the ALJ employed to assess the RFC is used in the hypothetical posed to the VE. There is no indication that the VE relied upon a different definition of moderate that she may have divined was intended by the regulations. Rather, she expressly employed the definition offered by the ALJ. There is no reversible error

under these circumstances.[1]

Both parties filed written consent to have a magistrate judge decide this case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, this case was referred to the undersigned for decision and the entry of final judgment. For the reasons set forth above, the undersigned finds that the Commissioner's decision to deny benefits is not subject to reversal based on the argument raised. A judgment to that effect will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Neither party has cited any court decisions on this issue. A similar argument did arise in <u>Martinez v. Barnhart</u>, 2003 WL 22736530 (W. D. Tex. 2003) where the ALJ offered two definitions for moderate. One was that the person had a severe limitation but was still able to do the function satisfactorily. The other definition was that the ability to function in that area was fair, meaning the person could perform the activity satisfactorily some of the time. The ALJ's decision was affirmed because the court found that the VE's testimony reflected that, under either definition, the hypothetical person could perform the jobs at issue. Moreover, the court added: "The Court does not find that the ALJ relied on an incorrect standard, even if the ALJ defined 'moderately limited' as the ability to function satisfactorily."